UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIVETTE WYATT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:11-cv-00874-MJD-JMS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C § 406(b)**

This matter is before the Court on Plaintiff's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) [Dkt. 37]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## I.     Facts and Procedural History

Plaintiff, by counsel, filed a Complaint in this Court for judicial review of a denial of disability benefits from the Social Security Administration ("Commissioner"). This Court reversed and remanded the case for further review and proceedings. [Dkt. 28.] Plaintiff petitioned for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Dkt. 31.] The Court granted Plaintiff an award of $4,980.71 for attorney's fees to be paid directly to the attorney. [Dkt. 36.] Plaintiff's attorney has not yet received payment from the Commissioner for attorney's fees under the EAJA.

After a rehearing, the Commissioner approved Plaintiff's claims for disability [Dkt. 37-1] and awarded Plaintiff past-due benefits in the amount of $76,554.30 [Dkt. 37-3 at 4]. The Commissioner withheld $19,138.58, or 25% of the past-due benefits, from Plaintiff's award to

pay Plaintiff's lawyer or representative. [*Id*.] The Commissioner has already paid Plaintiff's attorney $6,000 from the past-due benefits for the attorney's administrative work, leaving $13,138.58 set aside for payment to Plaintiff's attorney for work done in federal court. [*Id*.] Plaintiff's attorney filed the instant motion for the award of the attorney's fees of $13,138.58 pursuant to 42 U.S.C. § 406(b). [Dkt. 37.] The Commissioner does not object. [Dkt. 40.]

## II.     Legal Standard

Section 406(b) of the Social Security Act ("Act") provides in relevant part that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). A claimant's attorney cannot, however, receive an EAJA award in addition to an award under Section 406(b). The fee award is not automatic; rather the Act requires courts to conduct an "independent check" of any agreement, contingent or otherwise, between the claimant and his counsel and determine whether such award of fees is reasonable under the circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where there is a contingent-fee agreement, a court should first look to the agreement, then test it for reasonableness. *Id*. at 808. The Supreme Court has determined that a fee award may be reduced where an attorney is responsible for delay. *Id*.  Likewise, an attorney is not permitted to obtain a windfall when, for example, the amount of benefits is large compared to the amount of time the attorney expended. *Id*. The burden is on the plaintiff's attorney to show that such fee award is reasonable and the court may require the attorney to provide a record of the hours spent on the

case as well as "a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 807, 808.

### III.     Discussion

Although the Commissioner does not object to the fee petition, the Court is nonetheless required to review the request and fee agreement for reasonableness. The Court finds that the attorney's petition is reasonable under the circumstances. The fee agreement between Plaintiff and her counsel clearly establish that Plaintiff agrees that counsel may seek fees for up to 25% of all past due benefits should the claim progress to review by the Court. [Dkt. 37-2 at 2.] Therefore, the Court finds that the fee agreement is reasonable.

This Court previously determined that the hours expended on this matter, 27.8, were reasonable. [Dkt. 36 at 3.] Plaintiff's attorney seeks the balance of the set-aside fee of $13,138.58 for work performed in court after having already been paid $6,000 for work in the administrative proceedings. This amounts to an hourly rate of $472.61. Plaintiff cites to cases in Wisconsin and Illinois as support that this rate is reasonable. Looking to cases in the Southern District of Indiana, this Court only found one case relevant to the award of attorney's fees under this section of the Act, which that court approved an award that amounted to an hourly rate of over $800. *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363646, *2, 4 (S.D. Ind. Feb. 11, 2009). Our friends in the Northern District of Indiana have approved similar amounts to that of the petitioner's from attorneys in the Fort Wayne area. *See Zimmerman v. Astrue*, No. 1:08-CV-00228, 2011 WL 5980086, *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, *3, 4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-CV-00018, 2008 WL 4614658, *3 (N.D. Ind. Oct. 16, 2008) (approving award

equivalent to hourly rate of $583.50).  Thus, the Court finds that the fee is reasonable. Further, Plaintiff's attorney voluntarily committed to refund to his client any amount obtained from the EAJA award so as not to obtain a windfall or receive an amount more than permitted by statute.

### IV.     Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees [Dkt. 37] in the amount of $13,138.58 to be paid directly to the attorney. Plaintiff's attorney is ordered to refund to Plaintiff any money received under the EAJA.

Date:  01/06/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov